ALBERT McKINSTRY v. STATE.

No. A-3232. Opinion Filed May 31, 1919.

(181 Pac. 155.)

Appeal from County Court, Jefferson County; E. L. Dillard, Judge.

Albert McKinstry was convicted of a misdemeanor, and appeals. Reversed.

Sigler & Howard and E. E. Blake, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error, Albert McKinstry, was convicted in the county court of Jefferson county upon an information charging "that he did willfully and unlawfully drive and cause to be driven about 80 head of cattle from Carter county, Okla., across the quarantine line established by the state board of agriculture, in violation of the rules and regulations as established by the board of agriculture."

22—10

In accordance with the verdict of the jury he was sentenced to pay a fine of $300. From the judgment he appealed by filing in this court, on December 11, 1917, petition in error with case-made.

The Attorney General has filed the following confession of error:

"This prosecution was commenced and carried on under section 3 of chapter 115, Session Laws of Oklahoma 1910-11. That section makes it a crime to violate certain rules of quarantine promulgated by the state board of agriculture—not a rule of an inspector in their employ.

"The most favorable view which we can attach to a statute like this one is that these rules have the force of statutes only when substantially pleaded and proven at the trial. Anyway, anything less than satisfactory proof of such rules of the board in establishing a quarantine would not possess color of proof of a violation of a penal statute.

"The record in this case fails to disclose any proof that the quarantine line established had been done in pursuance to the rules of the state board of agriculture. The inspector testified that he and a man by the name of Barnell, a federal inspector, established the quarantine line. The statute itself prescribes how a quarantine is to be established in respect to making it a crime under section 3, chapter 115, Session Laws 1910-11, for its violation.

"The law is section 28, Revised Laws Okla. 1910, as amended by section 1, chapter 228, Session Laws 1913, and reads as follows: 'The state board of agriculture shall have the power and authority to establish at any time quarantine lines in this state and make rules and regulations to maintain and enforce the same to prevent the communicating or conveying of any contagious or infectious diseases of live stock within this state as provided by law. When the state board of agriculture shall have determined said quarantine line, or lines, the president of said board shall at once, issue his proclamation setting forth and proclaiming the boundary and location of said quarantine line or lines, the orders, regulations and rules so prescribed by said board, and the said president of said board shall at the earliest practicable date publish once in no less than three newspapers of general circulation within the state a notice of said proclamation and such publication shall be deemed full and sufficient legal notice of the proclamation of said board.'

"In a prosecution for violating quarantine rules, it is elementary that the establishment of the quarantine must be shown before the penal statute can be set in motion. This not having been done, or, at least, the record not disclosing it if it were done, we would not be justified in asking the appellate court to affirm the judgment in this case."

After a careful examination of the record, our conclusion is that the confession of error is well founded, and should be sustained. For the reasons therein stated, the judgment is reversed.